IN THE CIRCUIT COURT FOR DORCHESTER COUNTY, MARYLAND

| | | |
|---|---|---|
| BANK OF THE EASTERN SHORE<br>301 Crusader Road<br>Cambridge, Maryland 21613 | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| KAREN ABBOTT<br>5415 Bonnie Brook Road<br>Cambridge, Maryland 21613 | * | Case No. C-11-18720 |
| | * | |
| and | * | |
| | * | |
| MAURICE JAY ROBINSON<br>212 Meteor Ave, Apt. 703<br>Cambridge, Maryland 21613 | * | |
| | * | |
| Defendants | * | |

* * * * * * * * * * * * *

## COMPLAINT FOR CONFESSION OF JUDGMENT

Plaintiff Bank of the Eastern Shore ("Plaintiff"), by and through its undersigned attorneys and pursuant to Maryland Rule 2-611, hereby files this complaint for confession of judgment against Defendants Karen Abbott ("Abbott") and Maurice Jay Robinson ("Robinson") and in support hereof, states as follows:

### The Parties

1. Plaintiff is a corporation organized under the laws of the State of Maryland and which conducts business in Dorchester County, Maryland.

2. Abbott and Robinson are individuals who reside and are domiciled in Dorchester County, Maryland. The last known address of Abbott is 5415 Bonnie Brook Road, Cambridge,

Maryland 21613. The last know address of Robinson is 212 Meteor Ave, Apt. 703, Cambridge, Maryland 21613

## Jurisdiction and Venue

3. The Court has subject-matter jurisdiction over this matter pursuant to the Maryland Code Annotated, Courts and Judicial Proceedings Article, Section 1-501.

4. Personal jurisdiction and venue are appropriate in Dorchester County, Maryland pursuant to Sections 6-102 and 6-201 of the Courts and Judicial Proceedings Article of the Maryland Code because Abbott and Robinson reside and/or regularly conduct business within Dorchester County, and all of the agreements relating to this claim were negotiated and agreed to in Dorchester County.

## Facts

5. On or about December 5, 2009, Abbott executed a Promissory Note (the "2009 Note") in the principal amount of Dollars ($44,998.26) in favor of Plaintiff. Attached hereto as Exhibit 1, and incorporated herein by reference, is a true and correct copy of the 2009 Note.

6. The 2009 Note was due and payable in full on or about December 5, 2010.

7. Robinson executed a Guaranty (the "2009 Guaranty"), pursuant to which he guaranteed performance of Abbott under the terms of the 2009 Note. Attached hereto as Exhibit 2 and incorporated herein by reference is a true and correct copy of the 2009 Guaranty.

8. On or about January 21, 2011, Abbott and Robinson executed a Change in Terms Agreement, pursuant to which the 2009 Note was extended to April 21, 2011, and became due on that date. A true and correct copy of the Change in Terms Agreement is attached hereto as Exhibit 3 and incorporated herein by reference.

9. The 2009 Note contains a confessed judgment clause that, upon default, authorizes any attorney to enter a judgment by confession against Abbott and in favor of the Plaintiff for the amount due. The 2009 Note also contains a provision for late fees and attorneys' fees incurred to collect on the 2009 Note.

10. The 2009 Guaranty also contains a confessed judgment clause that upon default by the Abbott and Robinson authorizes any attorney to enter a judgment by confession against the Robinson and in favor of the Plaintiff for the amount due. The 2009 Guaranty also contains provisions for attorneys' fees incurred to collect under the 2009 Note and the 2009 Guaranty.

11. On or about February 26, 2010, Abbott executed a Promissory Note (the "2010 Note") in the principal amount of Dollars ($49,997.74) in favor of Plaintiff. Attached hereto as Exhibit 4, and incorporated herein by reference, is a true and correct copy of the 2010 Note.

12. The 2010 Note was due and payable in full on or about February 26, 2011.

13. Robinson executed a Guaranty (the "2010 Guaranty"), pursuant to which he guaranteed performance of Abbott under the terms of the 2010 Note. Attached hereto as Exhibit 5 and incorporated herein by reference is a true and correct copy of the 2010 Guaranty.

14. The 2010 Note contains a confessed judgment clause that, upon default, authorizes any attorney to enter a judgment by confession against Abbott and in favor of the Plaintiff for the amount due. The 2010 Note also contains a provision for late fees and attorneys' fees incurred to collect on the 2010 Note.

15. The 2010 Guaranty also contains a confessed judgment clause that upon default by the Abbott and Robinson authorizes any attorney to enter a judgment by confession against the Robinson and in favor of the Plaintiff for the amount due. The 2010 Guaranty also contains provisions for attorneys' fees incurred to collect under the 2010 Note and the 2010 Guaranty.

16. Abbott and Robinson are in default under the 2009 Note, the 2010 Note, the 2009 Guaranty and the 2010 Guaranty, not having made a payment due under the two notes and guarantees when due. As a result, the entire remaining principal balance, accrued interest, late fees and attorneys' fees are due and owing to Plaintiff under the terms of the 2009 Note, the 2010 Note, the 2009 Guaranty, and the 2010 Guaranty.

## Count I
### (Breach of Contract/Confessed Judgment – 2009 Note & 2009 Guaranty)

17. Paragraphs 1 through 16 are incorporated by reference as if set forth in full herein.

18. The 2009 Note and the 2009 Guaranty are in default, and the Plaintiff seeks in this Complaint the entry of a judgment by confession against Abbott and Robinson.

19. The principal sum of Forty Four Thousand Nine Hundred Eighty Eight Dollars and Seventy Eight Cents ($44,988.78) is due and owing to the Plaintiff under the 2009 Note.

20. Unpaid interest has accrued in the amount of Nine Hundred Sixty One Dollars and Forty Cents ($961.40) under the 2009 Note. Interest continues to accrue at the rate of Seven Dollars and Forth Cents ($7.40) per day. A true and correct Statement of Account for the 2009 Note is attached hereto as Exhibit 6.

21. Pursuant to the 2009 Note and the 2009 Guaranty, the Plaintiff is entitled to reasonable attorneys' fees for collection. The 2009 Note and 2009 Guaranty provide for collection costs of fifteen percent (15%) of the debt due and owing the Plaintiff, which in this case is Six Thousand Eight Hundred Ninety Two Dollars and Fifty Three Cents ($6,892.53).

22. The amount of $6,892.53 is a reasonable amount for legal fees incurred in connection with these collection proceedings. See Affidavit of Demetrios G. Kaouris, Esquire, attached hereto as Exhibit 7.

23. Under the terms of the 2009 Note and 2009 Guaranty, upon default, Abbott and Robinson authorized and empowered any attorney to appear for them and confess judgment against them in favor of the Plaintiff in the full amount due and owing on the Note, together with court costs, reasonable attorneys' fees and interest accruing on the 2009 Note and the 2009 Guaranty.

24. Neither Abbott nor Robinson is in the Military Service as defined in the Servicemembers Civil Relief Act. Attached hereto as Exhibit 8 are true and correct certifications from the Department of Defense certifying that Abbott and Robinson are not in the military service.

WHEREFORE, the Plaintiff demands judgment by confession against Abbott and Robinson pursuant to the 2009 Note, the 2009 Guaranty and Maryland Rule 2-611, in the principal amount of Forty Four Thousand Nine Hundred Eighty Eight Dollars and Seventy Eight Cents ($44,988.78), pre-judgment in the amount of Nine Hundred Sixty One Dollars and Forty Cents ($961.40), plus attorneys' fees in the amount of Six Thousand Eight Hundred Ninety Two Dollars and Fifty Three Cents ($6,892.53) and costs.

## Count II
### (Breach of Guaranty/Confessed Judgment – 2010 Note & 2010 Guaranty)

25. Paragraphs 1 through 24 are incorporated by reference as if set forth in full herein.

26. The 2010 Note and the 2010 Guaranty are in default, and the Plaintiff seeks in this Complaint the entry of a judgment by confession against Abbott and Robinson.

27. The principal sum of Forty Nine Thousand Nine Hundred Seventy Four Dollars and Forty Cents ($49,974.40) is due and owing to the Plaintiff under the 2010 Note.

28. Unpaid interest has accrued in the amount of Two Thousand Five Hundred Thirty Eight Dollars and Forty Two Cents ($2,538.42) under the 2010 Note. Interest continues to

accrue at the rate of Eight Dollars and Twenty One Cents ($8.21) per day. A true and correct Statement of Account for the 2010 Note is attached hereto as Exhibit 9.

29.     Pursuant to the 2010 Note and 2010 Guaranty, the Plaintiff is entitled to reasonable attorneys' fees for collection. The 2010 Note and 2010 Guaranty provide for collection costs of fifteen percent (15%) of the debt due and owing the Plaintiff, which in this case is Seven Thousand Eight Hundred Seventy Six Dollars and Ninety-Two Cents ($7,876.92).

30.     The amount of $7,876.92 is a reasonable amount for legal fees incurred in connection with these collection proceedings. See Affidavit of Demetrios G. Kaouris, Esquire, attached hereto as Exhibit 7.

31.     Under the terms of the 2010 Note and 2010 Guaranty, upon default, Abbott and Robinson authorized and empowered any attorney to appear for them and confess judgment against them in favor of the Plaintiff in the full amount due and owing on the Note, together with court costs, reasonable attorneys' fees and interest accruing on the 2010 Note and the 2010 Guaranty.

WHEREFORE, the Plaintiff demands judgment by confession against Abbott and Robinson pursuant to the 2010 Note, the 2010 Guaranty and Maryland Rule 2-611, in the principal amount of Forty Nine Thousand Nine Hundred Seventy Four Dollars and Forty Cents ($49,974.40), pre-judgment in the amount of Two Thousand Five Hundred Thirty Eight Dollars and Forty Two Cents ($2,538.42), plus attorneys' fees in the amount of Seven Thousand Eight Hundred Seventy Six Dollars and Ninety-Two Cents ($7,876.92) and costs.

Respectfully submitted,

*[signature]*

DEMETRIOS G. KAOURIS
Miles & Stockbridge PC
101 Bay Street, Suite 2
Easton, Maryland 21601
(410) 822-5280

Attorneys for Plaintiff